## APPEALS OF R. D. HENRY, FRANK A. TARR, AND OTTO HAAS.

Docket Nos. 3545, 3543, 3542.     Submitted October 15, 1925.     Decided November 18, 1925.

> Distributive shares of members of partnerships determined from the evidence.

*Maynard Teall, Esq.,* for the taxpayers.
*A. J. Seaton* and *A. Calder Mackay, Esqs.,* for the Commissioner.

### Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the calendar year 1920 in the following amounts:

|  | 1920 | 1919, over-assessment. |
|---|---|---|
| R. D. Henry | $34, 730. 82 | $248. 45 |
| Frank A. Tarr | 997. 86 | |
| Otto Haas | 6, 256. 30 | |

The deficiencies arise from additions to taxpayers' income of profits alleged to have been received by them from certain partnerships.

### FINDINGS OF FACT.

Taxpayers are residents and citizens of Dawson, Pa. During the calendar year 1920, R. D. Henry and Otto Haas each owned a one-fourth interest in a partnership known as the Judy Mine Coal Co. and a one-fourth interest in a partnership known as the Steuben Pike Coal Co. Henry and Tarr each owned a one-third interest in a partnership known as the Youghiogheny Coal & Coke Co.

At the hearing it was stipulated that the net income of the Judy Mine Coal Co. for the year 1920 was either $18,697.82 or $20,060.32, the difference in dispute being an item of $1,362.50 claimed by the taxpayers to have been paid as commission by the Judy Mine Coal Co., but by the Commissioner to have been a withdrawal of capital by Henry; that the net income of the Steuben Pike Coal Co. for the

calendar year 1920 was either $106,621.50 or $107,273.67. The only question in dispute, regarding the net income of the latter company relates to depletion, and is whether a tract of land containing 4½ acres of Pittsburgh seam of coal, known as the Nicholson property, was purchased for $2,700 or for $1,000.

All of the coal produced by the Judy Mine Coal Co. was sold through the Youghiogheny Coal & Coke Co., a brokerage firm, which charged the Judy Mine Coal Co. a commission on all coal sold. The commission was usually deducted by the Youghiogheny Coal & Coke Co. in making remittances to the Judy Mine Coal Co. However, on July 24, 1920, the Judy Mine Coal Co. paid to the Youghiogheny Coal & Coke Co. $1,362.50 by check as commission on coal sold. The net income of the Judy Mine Coal Co. for the calendar year 1920 was $18,697.82, one-fourth of which was income to Henry and one-fourth to Haas.

During the year 1920 the Steuben Pike Coal Co. was the owner of various coal rights and coal properties, among which was a tract of 4½ acres of land, known as the Nicholson property, containing the Pittsburgh seam of coal, for which it paid $2,700. The net income of the Steuben Pike Coal Co. for the year 1920 was $106,621.50, one-fourth of which was income to Henry and one-fourth to Haas.

During the year 1920 the Youghiogheny Coal & Coke Co., in which taxpayers owned a one-third interest, made a contribution of $1,000 to the Salvation Army.

During the year 1920 the regulations of the United States Fuel Administration permitted the Youghiogheny Coal & Coke Co. to charge only $2.35 per ton for coal mined by it from what the Fuel Administration had termed the thick vein of coal. The partnership, however, took the position that it was operating the thin vein of coal and should be permitted to sell its coal at $2.75 per ton, the price allowed other operators working the thin vein in another district, and engaged the services of an attorney to take the matter up with the United States Fuel Administration and, if possible, to secure a permit authorizing the sale of its coal at $2.75. At the time the attorney was employed his compensation was not agreed upon. The permit desired by the partnership was granted by the Fuel Administration, whereupon the partnership agreed to pay the attorney as compensation for his services 7½ cents per ton on each ton of coal sold during the time the permit to charge $2.75 was in effect. Accordingly, during the year 1920, it paid to him the sum of $4,453.10.

During 1915 there existed a partnership known as Cochran Bros., composed of A. G. Cochran, owner of three-fourths interest, and George G. Cochran, owner of one-fourth interest, engaged in the

mining of coal. In that year Henry was appointed guardian of George G. Cochran, and E. C. Higbee of A. G. Cochran, by the Court of Common Pleas of Fayette County, Pa. Henry and Higbee have acted as guardians of George G. and A. G. Cochran until the present time. On December 29, 1919, they, as guardians, sold, with the consent of the court, certain coal properties belonging to their wards, including the improvements and mine equipment, to one William Haas for $10,000. On January 1, 1920, Haas organized a partnership known as Cochran Bros. Special, composed of William Haas, H. M. McDonald, H. Mont Emmel, and J. Roy Henry,— R. D. Henry being employed as treasurer of the partnership at a salary of $100 a month. At no time was he a partner of Cochran Bros. Special nor did he have any interest therein. During the calendar year 1920 the Grace Coal & Coke Co., a partnership, in which R. D. Henry held a proprietary interest, borrowed $50,000 from the partnership of Cochran Bros. Special, which amount was repaid by the Grace Coal & Coke Co. during the years 1920 to 1923. The Commissioner held that the $50,000 borrowed by the Grace Coal & Coke Co. from Cochran Bros. Special was income to R. D. Henry in the year 1920.

### DECISION.

The deficiencies should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

LITTLETON: The issues in these appeals, which were heard together, are disposed of by the foregoing findings of fact. The petitions alleged that the Commissioner erred in his determination of the distributive net income of the various partnerships, in which the taxpayers held an interest, and in holding that R. D. Henry received $50,000 income from the partnership of Cochran Bros. Special. Certain of the issues originally raised were disposed of by the stipulation filed, and from all the evidence submitted the Board is of the opinion that the Judy Mine Coal Co. is entitled to deduct $1,362.50 as commission paid to the Youghiogheny Coal & Coke Co. in 1920; that the Steuben Pike Coal Co. paid $2,700 for 4½ acres of land, known as the Nicholson property, containing the Pittsburgh seam of coal; that the Youghiogheny Coal & Coke Co. paid attorney's fees in the amount of $4,453.10, and that the amount was a legal deduction from gross income of that partnership; that the Youghiogheny Coal & Coke Co. contributed $1,000 to the Salvation Army during 1920, which was a proper deduction as a charitable contribution by the partners in their respective income-tax returns;

that R. D. Henry was not at any time a partner or the owner of any interest in the partnership known as Cochran Bros. Special, and that the sum of $50,000 borrowed by the Grace Coal & Coke Co. from Cochran Bros. Special did not constitute income to him.